UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINO CEDILLO-VARGAS; and MARIA DEL CARMEN CEDILLO,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN, Acting Secretary, Department of Homeland Security; KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services; ALANNA Y. OW, District Director, USCIS Services, San Diego, California; LETICIA RODRIGUEZ, Immigration Inspector; and MICHAEL R. POMPEO, Secretary, Department of State,<br><br>Defendants. | Case No.: 3:16-cv-02964-BTM-NLS<br><br>**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>**[ECF No. 7]** |

In their complaint, Plaintiffs nebulously allege they have been harmed by the actions and inactions of Defendants in relation to a petition for classification as alien relative (the "Form I-130") filed by naturalized citizen Plaintiff Rufino Cedillo-

Vargas ("Cedillo-Vargas") on behalf of his daughter, alien Plaintiff Maria Del Carmen Cedillo ("Cedillo"), and Cedillo's subsequent application to register permanent residence or adjust status (the "Form I-485", and together with Form I-130, the "Forms"). (ECF No.1.) Plaintiffs further allege Defendants have improperly classified her as an "inadmissible alien"[1] – and removed her from the United States on two separate occasions – based upon the erroneous reports of an immigration inspector, Defendant Leticia Rodriguez, who stated that Cedillo misrepresented she was a United States citizen when she applied for admission at the U.S./Mexico border in January 2003. (*Id.*) Plaintiffs allege that, based upon Defendant Rodriguez's erroneous report, Defendants have revoked – or were otherwise involved in the revocation of – the prior approvals of the Forms and have removed Cedillo from the United States on two separate occasions. (*Id.*) Cedillo was allegedly denied assistance of counsel and an opportunity to contest the erroneous report or revocations before the approvals were revoked or she was removed from the United States. (*Id.*) Plaintiffs seek various declaratory judgments, writs of mandamus, and relief under the Administrative Procedures Act, the majority of which appear directed at challenging the erroneous report, the revocation of prior-approval of the Forms, and Cedillo's classification as inadmissible. (*Id.*) Further, Plaintiff seeks an order from this Court compelling Defendants to, *inter alia*, issue Cedillo a visa and "prove that Plaintiff [Cedillo] made a false claim of U.S. citizenship by presenting evidence." (*Id.* at 12-13.)

Defendants subsequently moved to dismiss Plaintiffs' complaint. (ECF No. 7.) In their motion to dismiss, Defendants argue the Court lacks subject-matter

---

[1] Generally, aliens that are deemed "inadmissible" are ineligible to receive a visa or otherwise be admitted to the United States. 8 U.S.C. § 1182(a). False representation of United States citizenship by an alien is grounds for classification as inadmissible. *Id.* at (a)(6)(C)(ii).

jurisdiction over this matter "because the case or controversy requirement of Article III of the Constitution is not satisfied." (*Id.* at 5.) This argument relies on Defendants' competing factual recitation and evidence attached in support thereof; which controverts many of the factual predicates of Plaintiffs' allegations and causes of action.[2] In particular, Defendants assert "both of . . . Cedillo's applications for permanent residence were made through a Form I-485 which can only be filed with and adjudicated by USCIS[,]" Cedillo "has only applied for adjustment of status through UCSIS and has not pursued an immigrant visa through the State Department[,]"and, "[a]ccording to . . . Cedillo's alien file, the only involvement of the State Department was the initial forwarding of an I-130 because Ms. Cedillo may have indicated she wanted to apply for an immigrant visa from abroad." (*Id.* at 6.) Defendants also argue that Defendant Rodriguez should be dismissed as an improperly named defendant because, "[t]o the extent that Plaintiffs seek judicial review of State Department or USCIS action or inaction relating to her I-130s, this is not relief that [Defendant] Rodriguez . . . can provide" and, [t]o the extent that Plaintiffs are challenging the finding of an oral false claim to U.S. Citizenship in the expedited removal order processed by Ms. Rodriguez on January 14, 2003, the Court lacks jurisdiction to review that finding." (*Id.* at 9 (citing 8 U.S.C. §§ 1252(e)(1) & (2).) Finally, Defendants argue that the State Deparment and Defendant Rodriguez should be dismissed for lack of personal jurisdiction, insufficiency of process, and/or insufficiency of service of process because Plaintiffs have failed to properly effectuate service of process on the State

---

[2] "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947); and *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983)).

Department and Defendant Rodriguez. (*Id.* at 6-8 (citing FED. R. CIV. P. 4(i)(2)); *see also* ECF No. 4 (Order to show cause why case should not be dismissed for failure to timely serve Defendants); ECF Nos. 5 & 5-1 (Plaintiffs' response to Order to show cause and affidavit of service in support thereof).)

In their response to Defendants' motion to dismiss, Plaintiffs appear to acquiesce to Defendants' factual assertion "that the State Department did not adjudicate the [Forms] that are in controversy" and state that "there is no opposition to [the] dismiss[al] of [the] State Department." (ECF No. 8, at 1.) Accordingly, the Court dismisses, without prejudice, Defendant Michael R. Pompeo, in his official capacity as Secretary of the Department of State.

Plaintiffs argue against the dismissal of Defendant Rodriguez, however, asserting that she "has caused harm to the Plaintiffs and should not be dismissed as she is an indispensable party who as an employee of the Department of Homeland Security caused harm to Plaintiff." (ECF No. 8, at 2 (citing *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).) Yet Plaintiffs have not sought monetary damages from Defendant Rodriguez, nor have they asserted a cause of action that could be considered to seek such relief from Defendant Rodriguez. Indeed, Plaintiffs have not even named Defendant Rodriguez in her individual capacity in their complaint. *See Solida v. McKelvey*, 820 F.3d 1090, 1093–95 (9th Cir. 2016) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities. . . . *Bivens* is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government. By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action. . . . There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." (internal quotations and citations omitted)). Further, because Plaintiffs seek only equitable relief requiring

4

3:16-cv-02964-BTM-NLS

official government action, which Defendant Rodriguez is powerless to provide in her individual capacity, a *Bivens* claim against Defendant Rodriguez is unnecessary. *See id.* at 1095–96 (9th Cir. 2016) ("In this case, only the United States—through its officers—has the power to take the action that Roca Solida seeks. . . . A *Bivens* action is not necessary in suits, such as this one, which seek equitable relief against the federal government, because the Administrative Procedure Act waives sovereign immunity for such claims."). Moreover, because Plaintiffs have already named a superior official of the agency that employed Defendant Rodriguez as a defendant, any official capacity claims against Defendant Rodriguez are redundant, duplicative, or otherwise unnecessary. *See id.* at 1095 ("An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States."); *Sherman v. Cty. of Maui*, 191 F. App'x 535, 537 (9th Cir. 2006) ("The district court properly recognized that Sherman's claims . . . against County officials in their official capacity were effectively claims against the County itself, and thus the individual defendants were duplicative." (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985))). Accordingly, the Court dismisses Defendant Rodriguez as a duplicate defendant.[3]

---

[3] As the Court has dismissed Defendants Pompeo and Rodriguez and none of the remaining defendants contest personal jurisdiction, process, or service of process on them in their present motion to dismiss, the Court need not reach their arguments regarding improper service of process on Defendants Pompeo and Rodriguez. (*See* ECF No. 9, at 4 ("Because Plaintiffs have agreed to dismiss the State Department from the case, it no longer needs to be served. USCIS did not contest proper service. However, service was opposed on behalf of former INS Immigration Inspector [Defendant] Rodriguez in her official capacity." (internal citations omitted)).) *See also* FED. R. CIV. P. 12(h)(1). Nevertheless, Plaintiffs' response to the Court's Order to Show Cause reveals that Plaintiffs may not have properly effectuated service of process in this matter upon one or more of the original defendants. (*See* ECF Nos. 4, 5, & 5-1.) Accordingly, to the extent that

Finally, the Court observes that, because Plaintiffs' original complaint focused heavily upon the conduct of the State Department, it is unclear what conduct Plaintiffs are challenging, the claims they intend to pursue, and what relief they seek in light of the instant dismissal of the State Department. To the extent that Plaintiffs seek to attack the underlying removals or the findings associated therewith, the Court's authority to review those removals and findings is highly circumscribed. *See* 8 U.S.C. § 1252. Nevertheless, the Court disagrees with Defendants' argument that all theories of recovery alleged and relief requested by Plaintiffs fundamentally rely upon Plaintiffs' original factual assertions regarding the State Department and that the Court lacks subject matter jurisdiction on the claims against the remaining defendants. While it is true that the complaint is inartfully pled and fails to articulate claims with sufficient clarity to allow the remaining defendants to reasonably frame a responsive pleading thereto, the Court believes that a live controversy against the remaining defendants over which this Court would have jurisdiction may be buried within the factual predicates set forth in the complaint.[4] Because the Court does not believe that cognizable claims are immediately apparent from the face of the complaint, however, the Court will require Plaintiffs to replead pursuant to Federal Rule of Civil Procedure 12(e) so as to ensure Defendants (and the Court) are afforded "fair notice of what the

---

Plaintiffs intend to add any new defendants in their forthcoming amended complaint, the Court reminds Plaintiffs that they must satisfy any and all requirements for proper service of process with regards to such defendants or risk their dismissal. *See, e.g.*, FED. R. CIV. P. 12(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States *and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.*" (emphasis added)).

[4] Notably, in their response to Defendants' motion to dismiss, Plaintiffs requested leave to amend in the event the Court granted any part of Defendant's motion. (ECF No. 8, at 3.)

claim[s are] and the grounds upon which [they] rest[ ]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) (District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."). In repleading, Plaintiffs must make clear the specific conduct they are challenging, the claims they are pursuing, and the relief they are requesting against DHS and USCIS and any other defendants they may properly add in their amended complaint.

Therefore, in summary, the Court **GRANTS IN PART, DENIES IN PART** Defendants' motion to dismiss (ECF No. 7.) Defendants Michael R. Pompeo and Leticia Rodriguez are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall file an amended complaint with the Court on or before September 1, 2019 that cures the deficiencies identified in this Order; Plaintiffs are warned that their failure to file an amended complaint on or before September 1, 2019 may result in the dismissal of this action without further notice.

**IT IS SO ORDERED.**

Dated: July 29, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge